IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01050-MSK-PAC

NICKY L. SMITH BEY,

    Plaintiff,

v.

CPT. SCOTT GIBSON,
SGT. PAYNE,
SGT. JOSEPH BARNHILL,
LISA FITZGERALD,
JESSICA MEKELBURG, and
MICHAEL YONGER,

    Defendants.
_____

**ORDER DENYING PETITION FOR WRIT**
**OF *HABEAS CORPUS AD TESTIFICANDUM***
_____

    **THIS MATTER** comes before the Court pursuant to the Plaintiff's *pro se* Petition for Writ of *Habeas Corpus Ad Testificandum* **(# 92)**.

    The Plaintiff requests a writ to the Defendants to produce another inmate, Larry Smith, to testify in this action. The Court has liberally construed the Plaintiff's *pro se* request. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, the Court concludes that the Plaintiff has not established sufficient grounds for the relief requested.

    The decision to grant of an application for a writ of *habeas corpus ad testificandum* is confined to the sound discretion of this Court. *Brady v. U.S.*, 433 F.2d 924, 925 (10th Cir. 1970). Declining to issue such a writ where, for example, the testimony sought to be obtained would be

irrelevant or cumulative, is a permissible exercise of such discretion. *Id.*; *U.S. v. Plemons*, 455 F.2d 243, 246 (10th Cir. 1972). Because issuance of a writ of *habeas corpus ad testificandum* entails significant costs for the custodian of the witness, the U.S. Marshal's service, and others, *see Demarest v. Manspeaker*, 498 U.S. 184, 191 (1991) (witnesses testifying under writ entitled to payment of witness fees), the Court will not direct the issuance of the writ until a sufficient showing has been made by the party seeking the writ that the testimony sought to be obtained is relevant, necessary, and non-cumulative.

The Plaintiff has attempted to make such a showing in his motion, stating that Smith's testimony "is relevant to the subject matter of the above mentioned lawsuit and trial," but this conclusory assertion is not sufficiently specific. To make an adequate showing, the Plaintiff must, at a minimum: (i) describe the general scope of Smith's testimony, that is, the particular facts he intends to offer through Smith; (ii) indicate whether any other witness will be testifying as to the same facts, and, if so, explain why Smith's testimony is not needlessly cumulative of the evidence to be offered through other witnesses; and (iii) explain how that testimony is relevant to the claims or defenses at issue here. Because the Plaintiff's motion, even construed liberally, lacks sufficient specificity, the motion **(# 92)** is **DENIED** without prejudice.

Dated this 22d day of February, 2007

                                              **BY THE COURT:**

                                              Marcia S. Krieger
                                              United States District Judge