IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 04-cv-01050-MSK-PAC

NICKY L. SMITH BEY,

    Plaintiff,

v.

CPT. SCOTT GIBSON,
SGT. PAYNE,
SGT. JOSEPH BARNHILL,
LISA FITZGERALD,
JESSICA MEKELBURG, and
MICHAEL YONGER,

    Defendants.
_____

**OPINION AND ORDER DENYING MOTION FOR SERVICE OF SUBPOENAS**
_____

    **THIS MATTER** comes before the Court *sua sponte*.

    The Plaintiff in an inmate of the Colorado Department of Corrections. On May 21, 2004, he was granted leave to proceed in this matter *in forma pauperis* pursuant to 28 U.S.C. § 1915. That designation entitles him to prosecute this action "without prepayment of fees or security therefor."

    Trial in this case is set for March 19, 2007 **(# 84)**. On February 12, 2007, the Clerk of the Court received a letter **(# 92)** from the Plaintiff, requesting that the Clerk mail five blank subpoenas to him. On February 23, 2006, the Clerk of the Court mailed **(# 95)** the requested subpoenas. On or about March 6, 2007, the Clerk of the Court received, via mail, four subpoenas

from the Plaintiff, addressed to Victor Chavez, Larry Smith,[1] Joseph Canfield, and Maj. Lloyd Waide. As far as the Court can determine, the subpoenas were not accompanied by a cover letter indicating what he intended the Clerk to do with the subpoenas – *e.g.* file them, serve them, etc.

The Court liberally construes a *pro se* party's filings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Here, the Court will assume that the Plaintiff sent the subpoenas to the Clerk of the Court anticipating that the Clerk (or some other Court official[2]) would effectuate service of the subpoenas. Fed. R. Civ. P. 45(b)(1) provides that a subpoena may be served by any person not a party to the case, and that such service is effectuated by tendering the subpoena, along with "fees

---

[1] Larry Smith is another inmate in the Colorado Department of Corrections. The Plaintiff had previously sought a writ of *habeas corpus ad testificandum* **(# 92)** to obtain Smith's presence at trial, but on February 23, 2007, this Court denied **(# 94)** that request without prejudice, finding that the Plaintiff had failed to show that Smith could offer relevant, non-cumulative evidence in this case. The docket does not reflect that the Plaintiff has since filed a properly-supported request for Smith's presence at trial.

[2] For future reference, the Plaintiff is advised that the United States Marshal is responsible for serving subpoenas on behalf of *pro se* parties if the Court so directs. 28 U.S.C. § 566(c).

for one day's attendance and the mileage allowed by law" to the witness.[3] The Plaintiff did not tender such fees to accompany his subpoenas. Although the Plaintiff has not offered any argument that his *in forma pauperis* status should relieve him of the obligation to tender witness fees and mileage under Rule 45(b)(1), the Court nevertheless finds that such an argument would be unavailing. *See Windsor v. Martindale*, 175 F.R.D. 655, 670 (D. Colo. 1997) ("The cases dealing with this issue are almost unanimous. Being allowed to proceed *in forma pauperis* does not excuse tendering of the required witness fees and mileage. There is no basis under 28 U.S.C. § 1915 for payment of court funds for such fees") (internal citations omitted); *see generally* Wright & Miller, Federal Practice and Procedure (Civil 2d) § 2454 ("at least one court has held that Section 1915(c) of Title 28 of the United States Code requires the government to pay the expenses of the subpoenaed witnesses. However, the great weight of authority, including several court of appeals decisions, is to the contrary") (footnotes omitted).

Because the Plaintiff has not tendered the required witness fees and mileage for the persons to be subpoenaed, service of the subpoenas he has tendered would be futile. Wright & Miller, *supra.* ("Failure to tender the appropriate sums at the time the subpoena is served invalidates the subpoena"). Accordingly, although the Court treats the Plaintiff's tender of the

---

[3] One day's attendance fee for a witness is currently set by statute at $40. 28 U.S.C. § 1821(b). Mileage is payable based on distances and rates set by the General Services Administration ("GSA"). 18 U.S.C. § 1821(c)(2). A review of the GSA's webpage indicates that the current mileage rate is $0.485 cents per mile. *See* http://ww.gsa.gov/mileage. The Court has not located any document by the GSA definitively establishing the distance from either Sterling or Limon, Colorado (the witnesses' addresses, according to the tendered subpoenas) to Denver, Colorado (the place of trial). However, according to www.mapquest.com, the distance from Sterling, Colorado to Denver is approximately 125 miles, and the distance from Limon, Colorado to Denver is approximately 90 miles. Thus, the mileage expense for persons subpoenaed from Sterling would be approximately $60.62, and for persons subpoenaed from Limon, the total would be approximately $43.65.

subpoenas as a motion requesting that the Court direct their service,[4] the Plaintiff's implied motion for issuance of subpoenas is **DENIED**.[5] The Clerk of the Court is directed to return the tendered subpoenas to the Plaintiff.

Dated this 8th day of March, 2007

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge

---

[4] One could argue that, were the Court to direct that the Marshal serve the subpoenas, such a directive would be one from an "agency" of the United States, and thus, no tender of witness fees or mileage would be required. Fed. R. Civ. P. 45(b)(1) (fees and mileage not necessary where subpoena is issued on the behalf of the United States or an officer or agency thereof). However, if the Court were to construe the Plaintiff's tender of the subpoenas as a request for an order directing the Marshal to serve the subpoenas without requiring the Plaintiff's payment of costs, the Court would, at a minimum, require the Plaintiff to make the same showing described in its Order **(# 94)** denying the writ of *habeas corpus ad testificandum* to Smith. Wright & Miller, *supra.* at n. 20 ("a district court, in its discretion, may screen an indigent's subpoena requests and, under certain circumstances, relieve the Marshals Service of its statutory duty to make service").

[5] Nevertheless, the Court believes that, with the exception of Smith, the witnesses sought by the Plaintiff are employees of the Colorado Department of Corrections, and likely can be produced voluntarily, with minimal effort, by the Defendants' counsel. The Court is also cognizant of the fact that, in light of this ruling, the Plaintiff might request a continuance of the trial to properly serve the subpoenas, or that, should the Plaintiff lose his case, he may choose to file an appeal arguing, in part, that the Court's failure to issue the subpoenas is reversible error. Although the Court does not order the Defendant to produce the three witnesses, it encourages the Defendants to consider whether voluntarily producing the witnesses is the most efficient and just approach to ensuring the prompt and final resolution of this case.